# INDEPENDENT CONSOLIDATED SCHOOL DISTRICT NO. 24, BLUE EARTH COUNTY, v. ROBERT W. CARLSTROM, d.b.a. ROBERT W. CARLSTROM CONSTRUCTION COMPANY.

151 N. W. (2d) 784.

June 16, 1967—No. 40,550.

*V. V. Lindgren, Blethen, Ogle, Gage & Krause,* and *Arthur H. Ogle,* for appellant.

*McLean, Peterson, Sullivan & Etzell* and *Charles T. Peterson,* for respondent.

MURPHY, JUSTICE.

Appeal from a judgment of the district court denying recovery to Independent Consolidated School District No. 24, Blue Earth County, in an action by which it sought damages from Robert W. Carlstrom, doing business as Robert W. Carlstrom Construction Company, allegedly resulting from a breach of contract in the construction of a school building. The issue involves construction of provisions in a builder's contract by which the liability of the builder was limited to damages re-

sulting from defects in the nature of faulty materials or workmanship which might appear within a period of one year from the date of substantial completion of the contract.

Because of the narrow question submitted, a brief summary of the facts will suffice. The school district and the contractor entered into a contract on July 6, 1955, for the general construction of a school building in accordance with plans and specifications prepared by the architect retained by the school district. It is agreed that the building was substantially completed by September 1, 1956, at which time plaintiff began using it for school purposes. The architect issued his final certificate of completion on February 11, 1957, and on February 20, 1957, payment was made to the contractor. Sometime in the spring of 1962, about 5½ years after the building was completed, the floors began to settle. It appears that there was no basement in the building, the floors being concrete slabs poured upon the ground.

This action was commenced on February 18, 1963, and on August 20, 1963, pursuant to provisions of the contract, defendant moved for an order compelling arbitration of the issues, which motion was duly granted. The arbitrators found that the damage was the result of improper fill under the floors which gradually settled, leaving them without support. Damages in the amount of $7,500 were awarded to the school district.[1] Thereafter the contractor asked the court to vacate the award. After hearing, the trial court made findings and concluded that the claim of the school district was barred by provisions of the construction contract and entered judgment vacating the award of the arbitrators.

The particular provisions of the contract which control the issue before us recite:

"Art. 20. *Correction of Work After Final Payment.*

"Neither the final certificate nor payment nor any provision in the

---

[1] One of the arbitrators was of the opinion that the award against the contractor should be limited to $4,500 "with all sums over that amount the responsibility of the architect and other prime contractors engaged in the construction of the school building.".

Contract Documents shall relieve the Contractor of responsibility for faulty materials or workmanship and, unless otherwise specified, he shall remedy any defects due thereto and pay for any damage to other work resulting therefrom, which shall appear within a period of one year from the date of substantial completion. The Owner shall give notice of observed defects with reasonable promptness. All questions arising under this article shall be decided by the Architect subject to arbitration."

"Art. 25. *Certificates of Payments.*

"If the Contractor has made application as above, the Architect shall, not later than the date when each payment falls due, issue to the Contractor a certificate for such amount as he decides to be properly due.

"No certificate issued nor payment made to the Contractor, nor partial or entire use or occupancy of the work by the Owner, shall be an acceptance of any work or materials not in accordance with this contract. The making and acceptance of the final payment shall constitute a waiver of all claims by the Owner, other than those arising from unsettled liens, from faulty work appearing after final payment or from requirement of the specifications, and of all claims by the Contractor, except those previously made and still unsettled."

"Art. 31. *Damages.*

"If either party to this Contract should suffer damage in any manner because of any wrongful act or neglect of the other party or of anyone employed by him, then he shall be reimbursed by the other party for such damage.

"Claims under this clause shall be made in writing to the party liable within a reasonable time at the first observance of such damage and not later than the time of final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration."

It is the contention of the school district that the provisions of the contract limiting the contractor's liability for damages resulting from faulty materials and workmanship to those defects which appear within a period of one year from date of substantial completion are invalid and

unreasonable as contrary to public policy. It is further contended that when the provisions of the contract are construed together, they do not establish a limitation period shorter than that expressed in Minn. St. 541.05, the 6-year statute of limitations.

There is authority to the effect that where there is no express or implied limitation in a contract making a stated remedy exclusive, a party may, at his election, pursue either the prescribed remedy or any other remedy the law provides, and that a contract will not be construed to limit the remedial rights of the parties unless such an intention is clear. 17 Am. Jur. (2d) Contracts, § 522. The prevailing rule, however, seems to be that parties may contract for an exclusive remedy which shall be binding on them in the event of breach of contract. United States v. Vander Heyden (S. D. Ill.) 158 F. Supp. 930. Where parties stipulate what the consequences of a breach of agreement shall be, such stipulation, if reasonable, is controlling and excludes other consequences. The remedy provided is exclusive if the contract so declares or clearly shows an intention of the parties to make it so. 17 Am. Jur. (2d) Contracts, §§ 188, 522; Dechter v. National Council of K. & L. of Security, 130 Minn. 329, 153 N. W. 742; Kulberg v. Supreme Council of Fraternal Aid Union, 135 Minn. 150, 160 N. W. 685; Annotation, 6 A. L. R. (3d) 1222. There is authority to the effect that parties can by contract, without violation of public policy, protect themselves against liability resulting from their own negligence.[2] It is recognized that parties to a building or construction contract may stipulate as to the remedies which shall be available in the event of breach, and the remedies thus agreed upon may be held exclusive where the intent is made clear.[3] The question of whether or not the remedy is exclusive turns upon the intention of the parties as revealed by the language of

[2] Independent School Dist. No. 877 v. Loberg Plumbing & Heating Co. 266 Minn. 426, 123 N. W. (2d) 793; Pettit Grain & Potato Co. v. N. P. Ry. Co. 227 Minn. 225, 35 N. W. (2d) 127; Inland Products Corp. v. Donovan Inc. 240 Minn. 365, 62 N. W. (2d) 211; Michigan Millers Mutual Fire Ins. Co. v. Canadian Northern Ry. Co. (8 Cir.) 152 F. (2d) 292.

[3] 13 Am. Jur. (2d) Building and Construction Contracts, § 109; Zancanaro v. Cross, 85 Ariz. 394, 339 P. (2d) 746; Annotation, 84 A. L. R. (2d) 338.

the contract as a whole; the specific provisions relating to the remedy; and all the facts of a particular case. The remedy provided in a contract is exclusive of other possible remedies only where the language in the contract clearly indicates an intent to make it exclusive.[4]

As we view the particular contract before us, it must be conceded that Article 20 expresses an agreement between the parties that the liability of the contractor shall be limited. The contractor is required only to remedy defects caused by faulty materials and workmanship which appear within one year after substantial completion. Article 25 recites that "final payment" constitutes a waiver by the owner of "all claims" other than those arising from "faulty work appearing after final payment." This provision preserves the right of the owner to complain of faulty construction which becomes apparent after final payment has been made, but this right is subject to the provision of Article 31, which provides that the owner may claim damages in addition to correction of the defects when such claim is made "not later than the time of final payment, except as expressly stipulated otherwise in the case of faulty work or materials." In other words, claims for damages may be made by the owner after final payment, but those claims are limited to those appearing within one year of substantial completion, as stipulated in Article 20. These precise provisions were considered in Independent School Dist. No. 35 v. A. Hedenberg & Co. Inc. 214 Minn. 82, 88, 7 N. W. (2d) 511, 516, where we said:

"Construing the three articles together, it is clear that the remedies of the owner for 'faulty materials or workmanship' discovered after final payment included (1) correction of defects with compensation for 'damage to other work' and (2) a claim for damages."

In either case, final payment operates to bar all claims between the parties except that in the case of defects due to faulty work or materials which appear within one year from substantial completion, the owner has a right of action.

---

[4] Inland Products Corp. v. Donovan Inc. *supra;* Helvetia Copper Co. v. Hart-Parr Co. 142 Minn. 74, 171 N. W. 272, 767; Berry Asphalt Co. v. Apex Oil Products Co. 215 Minn. 198, 9 N. W. (2d) 437.

We find no authority in support of plaintiff's argument that the limitation clause of Article 20 is unreasonable and against public policy. It has been observed that the purpose of such a stipulation limiting the time for suit is to apprise defendant promptly in order that he may protect himself against fraudulent and unjust claims. Cook v. N. P. Ry. Co. 32 N. D. 340, 155 N. W. 867, L. R. A. 1916D, 345. Here the parties, by express agreement, limited their rights, duties, and obligations under the contract. There is nothing to suggest that they were not dealing at arm's length or upon equal footing, or that the agreement created an imposition or undue advantage to either. The school district throughout the transaction was represented by its agent, the architect, who chose the form of contract, prepared the plans and specifications, approved the work, and authorized payment upon substantial completion. The parties freely denoted by their written agreement an exclusive remedy in the event of breach resulting from defective work or material involved in the construction of the building.

Affirmed.

MR. JUSTICE SHERAN took no part in the consideration or decision of this case.