**In the Matter of the Appeal of the Children's Hospital, Inc.**

**The CHILDREN'S HOSPITAL, INC.,**
**petitioner, Appellant,**

v.

**MINNESOTA NURSES ASSOCIATION,**
**Respondent.**

**No. 47793.**

Supreme Court of Minnesota.

March 24, 1978.

Felhaber, Larson, Fenlon & Vogt and David R. Hols and Ronald R. Kirchoff, St. Paul, for appellant.

Lindquist & Vennum and Edward J. Parker, Eugene H. Keating and Ronald L. Rollins, Minneapolis, for respondent.

ROGOSHESKE, Justice.

Petitioner, The Children's Hospital, Inc. (hospital), appeals from an order of the trial court denying its motion to vacate an arbitrators' award reinstating two head-nurse positions which the hospital had eliminated. The hospital challenges the award on the ground that the arbitrators exceeded their powers by interpreting the collective bargaining agreement between the parties to find that the hospital's elimination of two head-nurse positions violated the agreement. Because the plain language of the collective bargaining agreement made any dispute arising out of the interpretation of or adherence to the terms and provisions of the agreement clearly arbitrable, we hold that the arbitrators did not exceed their powers. Disagreement with the merits of an arbitrator's decision is not a ground for judicial vacation of an award. We affirm the trial court's confirmance of the award.

The hospital and respondent, Minnesota Nurses Association (MNA), were parties to a collective bargaining agreement which was effective from June 1, 1974, through May 31, 1976.[1] In late August 1975, the hospital decided to eliminate two head-nurse positions in the intensive-care unit because it concluded there were too many leadership positions which overlapped with functions assigned to other positions in the unit. The two nurses holding those positions were notified on August 26, 1975, and on September 9, 1975, both were reduced to general-duty nurses at a $45-per-month salary reduction with a further salary reduction to become effective June 1, 1976. The hospital did not notify MNA, the nurses' bargaining representative, of the planned removals.

On September 5, 1975, MNA filed a grievance according to the procedure outlined in Section 19 of the collective bargaining agreement.[2] The grievance claimed that

1. Section 20(d), the section of the agreement which is principally in dispute here, is effective until 1980.

2. Section 19, Grievance Procedure, provides: "Any controversy arising over the interpretation of or the adherence to the terms and provisions of this Agreement which cannot be settled between the parties involved will be settled by the Minnesota Nurses Association and the Hospital, except that the Hospital will not be required to consider any grievance not submitted to it in writing within twelve (12) days of the time of its original occurrence, or if pay is involved, within twelve (12) days after the pay day for the period during which the grievance occurred. The Hospital agrees that a representative of the Minnesota Nurses Association shall be excused from scheduled work time without loss of pay for the investigation and handling of controversies and grievances over the interpretation or adherence to the terms and provisions of the Agreement. The preceding sentence shall not apply to any arbitration hearing provided for under this Contract Agreement. If the controversy cannot be settled within an additional ten (10) days, such controversy will be referred to a Board of Arbitration composed of one (1) representative of the Minnesota Nurses Association, one (1) representative of the Hospital, and a third neutral member to be selected by the first two. In the event that the first two cannot agree upon a third neutral member within an additional five (5) days, such third neutral member will be appointed by the Director, Bureau of Mediation Services, State of Minnesota. A majority decision of the Board of Arbitration will be final and binding upon both the Minnesota Nurses

the elimination of the two head-nurse positions without notifying MNA violated several sections of the collective bargaining agreement, including Section 20(d).[3] The hospital claimed it had inherent managerial power to eliminate the two positions without notifying MNA and, as it interpreted Section 20(d), its actions were not prohibited. The parties were unable to reach a settlement, and the dispute was submitted to arbitration. Hearings were held before a panel of three arbitrators selected in the manner provided in Section 19 of the collective bargaining agreement.

On August 3, 1976, the arbitrators issued a written opinion and award finding that the hospital's elimination of the two head-nurse positions violated Section 20(d) in three ways: (1) The hospital failed to give MNA 90 days' notice of the change; (2) the hospital failed to present any evidence that the elimination of both head-nurse positions was necessary exclusively for patient welfare; and (3) by eliminating the head-nurse classifications from the third floor intensive-care unit and reassigning the head nurse's functions on that floor to other personnel outside the bargaining unit, the hospital violated the prohibition against removing head nurses from the bargaining unit. As a remedy, the arbitrators ordered the hospital to negotiate with MNA for 90 days and ordered that, if the parties could not reach an agreement during that time, the two nurses were to be reinstated to their former positions and compensated for any

losses resulting from the elimination of their positions.

The hospital moved the trial court to vacate the award, pursuant to Minn.St. 572.19, subd. 1(3), of the Uniform Arbitration Act, claiming that the arbitrators exceeded their powers. After submission of memorandum briefs and oral arguments, the trial court denied the motion to vacate and ordered the award confirmed. The trial court's memorandum, quoting the standard of review of an arbitrator's award stated in *Fischer v. Guaranteed Concrete Co.*, 276 Minn. 510, 151 N.W.2d 266 (1967), rejected the hospital's arguments as a challenge to the merits of the arbitrators' decision. The trial court also found the remedy proper, noting that the agreement between the parties places no express limitation upon remedies available to the arbitrators.

On this appeal authorized by § 572.26, subd. 1(3) of the uniform act, the hospital argues that the arbitrators exceeded their powers because their decision interfered with the inherent managerial rights of the hospital to determine its staffing needs, which rights were not expressly limited in the collective bargaining agreement, and because of an erroneous interpretation of Section 20(d). In the hospital's view, Section 20(d) does not prevent the elimination of individual head-nurse positions but rather prohibits only the elimination of the entire head-nurse classification from the bargaining unit through a change in job description or content. Since there was no

Association and the Hospital and such decision will be rendered in writing."

3. The grievance charged the hospital with violations of Sections 16, 20, 23, and 25. Only Section 20(d) was in issue at the arbitration proceedings and the petition to the district court which followed. Section 20(d) provides: "(d) The bargaining unit as defined in Section 1 of this Agreement, namely general duty nurses, assistant head nurses and head nurses, shall continue to be governed by this Contract Agreement and succeeding contract agreements for the term of this Section 20. The continued inclusion of each of these classifications shall be absolute, and no party shall file any petition or initiate any proceeding incon-

sistent with such continued inclusion. The Board of Arbitration shall have no authority to change or eliminate the provisions of Section 1 or the inclusion of said classifications as part of this Contract Agreement and succeeding contract agreements.

"The Hospital pledges its good faith assurance that the duration of this Section 20 shall not be used to effect the future exclusion of any classification from the bargaining unit. Any proposed change in a job description, responsibility or function shall be conditioned exclusively by patient welfare and shall be communicated in writing 90 days in advance to Minnesota Nurses Association and to the affected nurses."

change in the job description or function of the head-nurse classification, the hospital asserts that neither the 90-day-notice requirement nor any other provision of Section 20(d) was applicable. Finally, the hospital argues that the remedy ordered was beyond the arbitrators' powers because it was inconsistent with rights which the hospital attributes to itself through its interpretation of Section 20(d). We do not agree.

We recognize that actions such as this to enforce collective bargaining agreements, subject to the Labor Management Relations Act, 1947, 61 Stat. 156, 29 U.S. C.A. § 185(a), are governed by Federal substantive law and compatible state law. *Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *Fischer v. Guaranteed Concrete Co., supra.* With respect to affording judicial relief following arbitration awards, our decisions conform to Federal law. The scope of the arbitrators' powers is a matter of contract to be determined from a reading of the parties' arbitration agreement, and an arbitrators' award will be set aside by the courts only when the objecting party meets its burden of proof that the arbitrators have clearly exceeded the powers granted to them in the arbitration agreement; courts will not overturn an award merely because they may disagree with the arbitrators' decision on the merits. *State v. Berthiaume*, Minn., 259 N.W.2d 904, 910 (1977); *United States Fidelity & Guaranty Co. v. Fruchtman*, Minn., 263 N.W.2d 66; *Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL–CIO*, 430 U.S. 243, 254, 97 S.Ct. 1067, 1073, 51 L.Ed.2d 300, 310 (1977); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424, 1429 (1960).

In our recent cases, *State v. Berthiaume, supra,* and *United States Fidelity & Guaranty Co. v. Fruchtman, supra,* we held that in reviewing an arbitrator's award under § 572.19, subd. 1(3), the district court must independently determine the scope of the arbitrator's powers under the parties' agreement in de novo proceedings. Under the plain language of the arbitration agreement in this case, we are compelled to affirm the trial court's determination that the arbitrators did not exceed their powers.

Section 19 of the collective bargaining agreement, for which the parties bargained and agreed, makes "[a]ny controversy arising over the interpretation of or the adherence to the terms and provisions of this Agreement" subject to binding arbitration. The present controversy concerning whether Section 20(d) applied to prohibit the hospital's elimination of the two head-nurse positions clearly was a dispute concerning the interpretation of and the adherence to Section 20(d) of the agreement. As such, the controversy was arbitrable under Section 19, and the arbitrators had power to interpret the provision and to apply it as they deemed proper in order to resolve the dispute. The hospital's present appeal, arguing that the arbitrators erroneously interpreted Section 20(d), must be regarded as a challenge to the arbitrators' decision on the merits. Therefore, as we said in *State v. Berthiaume*, Minn., 259 N.W.2d 904, 910:

" * * * [W]ith respect to the issue of the merits of the dispute it is well settled that 'an arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact, including the interpretation of the terms of any contract.' "

See, also, *Eric A. Carlstrom Const. Co. v. Ind. Sch. Dist. No. 77*, Minn., 256 N.W.2d 479 (1977); *Cournoyer v. American Television & Radio Co.*, 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957).

The argument that the hospital should have inherent managerial rights to determine the structure and size of its staff does not prove that the arbitrators exceeded their powers under this collective bargaining agreement. The hospital cites authority where courts have deferred to "inherent managerial rights." Those cases involve different fact situations and are not pertinent to determining the scope of the arbitrators' powers under the collective bar-

gaining agreement. The agreement authorized the arbitrators to resolve any dispute over the interpretation of the agreement; it contained no provision limiting their powers by any reference to the inherent managerial rights of the hospital.

■ Additionally, the agreement contains no provision as to the remedies available to the arbitrators but provides only that "a majority decision of the Board of Arbitration will be final and binding" on both parties. Where the arbitration agreement contains no provision on remedies, we defer to the arbitrators' discretion, preserving the flexibility which commends arbitration as an effective means of resolving labor disputes. See, *United Steelworkers of America v. Enterprise Wheel & Car Corp., supra*; *Yellow Cab Co. v. Democratic Union Organizing Committee, Local 777*, 398 F.2d 735 (7 Cir. 1968). We find that the hospital has not satisfied its burden of proving that the arbitrators clearly exceeded their powers under the agreement. Accordingly, the order of the district court denying the motion to vacate and confirming the arbitrators' award must be and is affirmed.

Affirmed.

OTIS and TODD, JJ., took no part in the consideration or decision of this case.