**LAW ENFORCEMENT LABOR SERVICES, INC., Respondent,**

v.

**CITY OF ROSEVILLE, Appellant.**

No. C6-86-422.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Roger A. Jensen, St. Paul, for appellant.

Philip Finkelstein, Bloomington, for respondent.

Considered and decided by LANSING, P.J., and PARKER and NIERENGARTEN, JJ., without oral argument.

## OPINION

PARKER, Judge.

The City of Roseville appeals from an order entered in Ramsey County District Court confirming an interest arbitration award pursuant to arbitration between the parties under the Minnesota Public Employment Labor Relations Act (PELRA), Minn.Stat. § 179A (1984). The award reversed the city's practice of providing and maintaining uniforms at no cost to the officers and substituted a monetary allowance to be paid semi-annually to each officer to purchase and maintain his own uniforms.

The city contended below that the award affected a matter of inherent managerial policy as defined in Minn.Stat. § 179A.07, subd. 1 (1984), and was thus beyond the scope of arbitral jurisdiction. Respondent Law Enforcement Labor Services, Inc. (hereinafter "union"), contended that the award concerned a term or condition of employment as defined in Minn.Stat. § 179A.03, subd. 19 (1984), or that the issue was voluntarily arbitrated by the city. The district court confirmed the award of a semi-annual uniform allowance, and the city appeals. We affirm.

## FACTS

In mid–1984 the city and the union commenced negotiations for a collective bargaining agreement to succeed the agreement expiring in December. The parties reached an impasse over certain issues, which were certified to arbitration by the Minnesota Bureau of Mediation Services pursuant to Minn.Stat. § 179A.16, subds. 1 and 2 (1984).

The issue that remains in dispute is whether the police officers should be allowed $350, payable in two equal installments in January and July, to maintain and replace their uniforms. Investigators, plainclothes officers, and school liaison officers would receive $250 for the maintenance and upkeep of clothing worn in the course of their work. Prior to arbitration, the city provided and maintained the officers' uniforms. The police officers were dissatisfied with the existing policy for repairing and replacing uniforms; two witnesses testified that officers were not granted requests for new uniforms or compensated for repairs made at their own expense.

The city argues that the matter falls within its managerial prerogatives as defined in Minn.Stat. § 179A.07, subd. 1, and is not subject to arbitration. The union contends that the issue is within the "terms and conditions of employment" as defined by Minn.Stat. § 179A.03, subd. 19, and that the issue was voluntarily arbitrated by the city. The parties' final positions, to be

certified by the Bureau of Mediation Services to the arbitration panel as being at impasse, was stated thus:

### ISSUE # 4
### UNIFORM/CLOTHING/MAINTENANCE ALLOWANCE

CITY FINAL POSITION

4. *Uniform/Clothing/Maintenance Allowance*—Any change to be based on relevant criteria.

UNION FINAL POSITION

4. *Uniform/Clothing/Maintenance* —Adopt allowance based on relevant criteria.

---

In his award, the arbitrator ruled:

During the course of this hearing, the Union presented testimony from two witnesses indicating the apparent inequities that are currently part of the existing system. This evidence was not truly challenged through rebuttal. Moreover, it would appear that among comparable cities some sort of uniform allowance in addition to initial issue is not at all uncommon. The arbitrator is satisfied therefore that there exists a need to alter the current language for the purpose of correcting these inconsistencies—language which would include both uniformed and non-uniformed personnel.

The arbitrator found in favor of the union and awarded the semi-annual allowance. The city then asked the union to sign a contract that imposed a voucher system notwithstanding the arbitration award which the city did not appeal. The union then brought suit to enforce the arbitration award and alleged unfair labor practices. The trial court ruled that the issue of a uniform allowance was a term and condition of employment and, further, that it had been submitted to the arbitrators.

### ISSUES

1. Is a uniform/clothing maintenance allowance a negotiable term and condition of employment pursuant to Minn.Stat. § 179A.03, subd. 19?

2. Did the employer's final position give authority to the arbitrator under Minn.Stat. § 179A.16, subd. 5?

### DISCUSSION

The arbitration process in the State of Minnesota is governed by M.S.A. 572 (1984). There are five circumstances under this act in which a court shall vacate an arbitration award:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any way of the arbitrator or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrator refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 572.-09 and the party did not participate in the arbitration hearing without raising the objection.

Minn.Stat. § 572.19, subd. 1 (1984).

It is well settled in this state that, once arbitrability has been determined, the function of the court is not to re-examine the merits of the case. "[W]ith respect to the issue of the merits of the dispute it is well settled that an arbitrator * * * is the final judge of both law and fact * * *." *State v. Berthiaume,* 259 N.W.2d 904, 910 (Minn. 1977); *see Ramsey County v. AFSCME Council 91, Local 8,* 309 N.W.2d 785, 790 (Minn.1981). Consequently, the issue before the district court was primarily to determine if the case was properly before the arbitrators.

## I

■ The city contends that the arbitrators exceeded their authority in entertaining the issue of uniform/clothing allowance. The city bears the burden of proof that the arbitrators exceeded that authority. *Children's Hospital, Inc. v. Minnesota Nurses Association*, 265 N.W.2d 649, 652 (Minn.1978). The city must show that the uniform upkeep and maintenance allowance was not a term or condition of employment as defined by Minn.Stat. § 179A.07, subd. 2. The city alleges that the uniform and clothing allowance comes under its "inherent managerial policy" as defined in Minn.Stat. § 179A.07, subd. 1. If this were true, the issue would not be subject to arbitration.

Terms and conditions of employment are defined as

the hours of employment, the compensation therefor including fringe benefits except retirement contributions or benefits, and the employer's personnel policies affecting the working conditions of the employees.

Minn.Stat. § 179A.03, subd. 19.

PELRA defines inherently managerial policy as

such areas of discretion or policy as the functions and programs of the employer, its overall budget, utilization of technology, the organizational structure, selection of personnel, and direction and number of personnel * * *.

Minn.Stat. § 179A.07, subd. 1.

The district court discussed cogently the balance between Minn.Stat. § 179A.03, subd. 19 (terms and conditions of employment), and Minn.Stat. § 179A.07, subd. 1 (inherent managerial policy), in a memorandum attached to its order:

The court is satisfied that the issue of uniform allowance of the Roseville Police Department was properly before the arbitrator in this matter either as a term and condition of employment or because the employer waived any right in regard therefor. There is no question that a decision as to whether a police department should wear uniforms and the type

of uniform to be worn is a managerial one and thus not subject to arbitration. However, the City of Roseville long ago made their managerial decision, and that issue was not before the arbitrator. The issue of a uniform allowance long after such managerial decision has been made is arbitrable though and in this case was submitted to the arbitrator. Thus, the arbitrator's decision on the uniform allowance must be confirmed.

We agree with the trial court's reasoning. The "inherently managerial decision" was made when the city required uniforms and decided on the type, color and style. The issue before the arbitrators did not touch this policy decision. Instead, the issue was how to implement that managerial decision.

At times it may be difficult to distinguish between "terms and conditions" of employment and "inherent managerial policy." *St. Paul Firefighters Local 21 v. City of St. Paul*, 336 N.W.2d 301 (Minn.1983), addressed this problem:

The impact upon the terms and conditions of employment of an inherent managerial policy decision does not, however, render the policy decision a subject of mandatory negotiation if the decision and its implementation are so inextricably interwoven that requiring the public employer to meet and negotiate the method of carrying out its decision would require the employer to negotiate the basic policy decision. * * * If, however, the inherent managerial policy decision is severable from its implementation, the effect of implementation on the terms and conditions of employment is negotiable to the extent that negotiation is not likely to hamper the employer's direction of its function and objectives.

*Id.* at 302. We are of the opinion that, as to this issue, the policy and its implementation are separable. The method of compensation for maintenance and upkeep of uniforms and clothing falls within the purview of "terms and conditions of employment" as it relates to the employer's personnel

policy affecting the fringe benefits to which the employee is entitled.

## II

■ Had the district court found that the issue of uniform and clothing allowance was not a term or condition of employment, the matter would still have been properly before the arbitrators. The statute states in concise language that an arbitrator has jurisdiction if the issue was included in the employer's final position.

> The panel has no jurisdiction or authority to entertain any matter or issue that is not a term and condition of employment, *unless the matter or issue was included in the employer's final position.*

Minn.Stat. § 179A.16, subd. 5 (emphasis added).

The employer's final position, as it pertained to the uniform and clothing allowance, was stated as "any change to be based on relevant criteria"; this phrase is identical to the city's stated position on virtually every issue, including salaries, severance pay, vacation, and is similar to the final position stated by the union. Subsequently, the city attempted to assert its "managerial prerogatives" claim in its submission to the arbitration panel. The statute makes clear that the claim was not timely raised.

The trial court correctly stated in its memorandum that the matter of clothing/uniform allowance "was properly before the arbitrator * * * either as a term and condition of employment or because the employer waived any right in regard thereto."

## DECISION

Affirmed.