Elizabeth **ADLER**, as trustee for the surviving next of kin of George Adler, deceased, Respondent,

v.

**SAFECO INSURANCE COMPANY**, Appellant.

No. C5–87–762.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Russell H. Crowder, Beverly K. Dodge, Steffen & Munstenteiger, Anoka, for respondent.

Lindsey G. Arthur, Jr., Karen Melling van Vliet, Arthur, Chapman, Michaelson & McDonough, P.A., Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

An arbitration panel wrongfully awarded prejudgment interest to Adler. The panel modified their decision to eliminate that award. The trial court vacated the amended decision, restoring the mistaken award on the grounds that the amendment was beyond the power of the arbitration panel. We affirm.

## FACTS

George Adler was killed by a car on October 2, 1984. Prior to arbitration, Safeco Insurance offered $50,000 in uninsured motorist benefits; Elizabeth Adler rejected the offer as inadequate and claimed underinsured benefits should also be paid. The matter was arbitrated in accord with Adler's insurance policy. In an award dated February 5, 1986 Adler received $50,000 in uninsured motorist benefits (the policy limit), prejudgment interest and costs, but nothing in underinsured benefits.

Safeco requested that the arbitration panel modify its award to eliminate prejudgment interest because the $50,000 offer of settlement equaled the award. *See* Minn.Stat. § 549.09 (1986). The panel reversed its award of prejudgment interest.

The district court reviewed the award and decided that even though the original award of prejudgment interest was plainly wrong, the arbitration panel lacked the power to modify its original award. The court also ruled that costs could not be taxed because the arbitration agreement expressly stated the parties were to pay their own expenses. The court vacated the amended order and confirmed the original, except for the award of costs. Safeco argues the arbitrators had the power to

amend or modify the original award, or alternatively, that the court could not vacate the amended award. The denial of costs is not at issue.

## ISSUES

1. Did the arbitration panel wrongfully award Adler prejudgment interest?

2. Does an arbitration panel have the power to modify its original award to correct error?

3. Does the trial court have the authority to vacate the arbitrator's modified award?

## DISCUSSION

1. *Prejudgment Interest.*

■ The court ruled that prejudgment (preaward) interest could not be awarded to Adler because it was not justified by the facts. Minn.Stat. § 549.09, subd. 1(b) reads in part:

(t)he prevailing party shall receive interest on any judgment from the time the action was commenced or a written settlement demand was made * * * until the time of verdict or report only if the amount of its offer is closer to the judgment than the amount of the opposing party's offer. If the amount of the losing party's offer was closer to the judgment than the prevailing party's offer, the prevailing party shall receive interest only on the amount of the settlement offer or judgment, whichever is less, and only from the time the action was commenced or a written settlement demand was made * * * until the time the settlement offer was made.

Safeco offered $50,000 two months prior to the arbitration request and the arbitrators eventually awarded only $50,000. The statute provided no basis for an award of prejudgment interest.

In *Lucas v. American Family Mutual Insurance Co.*, 403 N.W.2d 646 (Minn. 1987), the supreme court held that in the absence of agreement of the parties, prearbitration interest award is not recoverable under Minn.Stat. § 549.09. The supreme court interpreted Minn.Stat. § 549.09 as ap-

plicable only to judicial proceedings, holding that the term "action" could not be expanded to encompass arbitration. The court stated: "We conclude the plain meaning of Minn.Stat. § 549.09 compels a holding denying preaward interest on awards made by arbitrators." *Id.* at 651.

### 2. *Could the Arbitrators Modify or Amend?*

■ The district court determined that the arbitration panel exceeded their powers when they modified the original award.

Minn.Stat. § 572.16 provides for change of award by arbitrators:

On application of a party or, if an application to the court is pending under section 572.18, 572.19, or 572.20, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in clauses (1) and (3) of subdivision 1, section 572.20, *or for the purpose of clarifying the award.* The application shall be made within 20 days after delivery of the award to the applicant.

(Emphasis added).

The subsections of Minn.Stat. § 572.20 which are referred to are:

(1) There was an evident miscalculation of figures on an evident mistake in the description of any person, thing or property referred to in the award;

\* \* \* \* \* \*

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Minn.Stat. § 572.16 provides the basis for modification, but only for the grounds stated in § 572.20, subd. (1) and (3), which are limited to mistakes of form, description or calculation. The panel's action here is not permitted by the statute. Elimination of prejudgment interest went far beyond "clarifying the award."

Because the panel cannot correct its own substantive errors, many errors will escape remedy in that the court system possesses extremely limited powers of review.

Limited review by a district court of an arbitration award is provided by Minn. Stat. § 572.18–.20, but no statutory or case law authority exists giving the district court jurisdiction to vacate an award because the arbitrator[s] made an error of law.

*Lucas v. American Family Mutual Insurance Co.,* 403 N.W.2d 646, 649 (Minn.1987) (citations omitted). *See also* Minn.Stat. § 572.19, subd. 1(5) ("[T]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.") Safeco also argues that even if section 572.16 does not allow the panel to modify or correct the original award, the panel possessed the power either under the arbitration agreement or because both parties agreed to the modification.

The arbitration agreement was brief and focused on the selection of the panel, rather than on the arbitrators' power. Safeco's position is that in the absence of any limitations, the arbitrators' power is free-wheeling and all-encompassing. It was stated in *Children's Hospital, Inc. v. Minnesota Nurses Association,* 265 N.W.2d 649 (Minn.1978) that,

[t]he scope of the arbitrators' powers is a matter of contract to be determined from a reading of the parties' arbitration agreement, and an arbitrators' award will be set aside by the courts only when the objecting party meets its burden of proof that the arbitrators have clearly exceeded the powers granted to them in the arbitration agreement \* \* \*.

*Id.* at 652.

Safeco claims that Adler acquiesced to the modification when she submitted a letter brief and participated in the hearing. However, Adler's failure to object to the modification hearing does not rise to the level of an agreement to modify the contract. Respondent Adler may not have agreed to modification, but simply wished to argue her case and await judicial review. The modification question is obviously unclear so Adler should not be penalized for

taking the safe approach of participation in the modification hearing.

### 3. *Judicial Review.*

█ The district court has the power to vacate an award where arbitrators exceed their powers. Minn.Stat. § 572.19, subd. 1(3). The district court correctly determined that the question of prejudgment interest, although incorrectly decided, was properly before the panel, and that Minn. Stat. §§ 572.16 and .20 could not support the panel's modification of the original award.

### DECISION

Affirmed.