**DAVID COMPANY, Respondent,**

v.

**JIM W. MILLER CONSTRUCTION, INC., Appellant.**

No. C6–88–327.

Court of Appeals of Minnesota.

Aug. 30, 1988.

Review Granted Oct. 26, 1988.

Sue R. Halverson, Hart, Bruner & O'Brien, P.A., Minneapolis, for respondent.

Ronald E. Martell, Moore, Costello & Hart, St. Paul, for appellant.

Heard, considered and decided by SCHUMACHER, P.J., and RANDALL and MULALLY *, JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Respondent David Company (David Co.) demanded arbitration of its claim of breach of a construction contract against Jim W. Miller Construction, Inc. (Miller). The arbitrators awarded David Co. damages of $884,476 and awarded Miller the property in issue. David Co. applied for confirmation of the arbitration award and Miller applied for vacation of the award.

The trial court confirmed the arbitration award and ordered entry of judgment. Miller appealed the order and judgment. This court dismissed the appeal and remanded for detailed findings on the issue of arbitrability. On remand, the trial court issued findings of fact, conclusions of law and an order denying Miller's motion and granting David Co.'s motion to confirm the award on January 11, 1987. In an order filed March 17, 1987, the trial court denied Miller's motion for amended findings of

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

fact and conclusions of law, amended judgment or a new trial. Under Minn.Stat. § 572.26, subd. 1(3) (1986), and in accordance with this court's order of March 31, 1987, authorizing appeal from a subsequent order confirming the arbitration award, Miller appeals the January 11, 1987 order and the order filed March 17, 1987.

## FACTS

David Co. is an unincorporated development company formed by Gunnar and Sharon Unger. David Co. purchased lakeshore property on Big Detroit Lake in order to construct luxury townhomes.

Gunnar Unger, an architect, designed the units to be constructed on the lot. David Co. engaged Miller to construct the townhomes. The contract between the parties provided for the construction of seven townhomes. Phase I, consisting of units 4, 5, 6 & 7, was to be completed by May 10, 1984, at a contract price of $345,055. Phase II, consisting of units 1, 2 & 3, was to be completed on October 31, 1984, at a price of $243,202.

Miller completed Phase I after May 1, but before October 31, 1984. After completion, David Co. paid Miller the contract balance. Shortly after completion, David Co. began to discover construction defects and nonconformities. David Co. could not afford to make the necessary repairs, and informed Miller of the problem. At a meeting in July 1985, David Co. and Miller agreed to hire Twin City Testing to investigate the defects. The testing report concluded that the defects were construction defects. On November 21, 1985, David Co. demanded arbitration. The request for arbitration claimed damages in excess of $250,000, and contained a clause by which David Co. expressly reserved its right to amend the demand for arbitration.

In accordance with the arbitration clause of the contract, the parties selected as arbitrators a contractor and two engineers who inspected the property and heard expert testimony. The arbitrators made very extensive findings, including findings of code violation, substitution of cheap materials, and structural defects that affect the integrity of the entire project. The arbitrators' award provided that Miller should pay David Co. $884,476. In return, David Co. was to convey title to the property to Miller free and clear of liens. Should David Co. be unable to deliver title to the land, Miller was to pay $497,925 in damages.

David Co. applied for confirmation of the arbitration award and Miller applied for vacation of the award and for a "Schwartz" type hearing. The trial court confirmed the arbitration award, and ordered entry of judgment.

## ISSUES

1. Did the arbitrators exceed their powers by awarding David Co. $884,476, in exchange for title to the property?

2. Did the arbitrators exceed their powers by granting David Co. relief, because David Co. waived its right to relief by making final payment?

## ANALYSIS

### I

*Arbitrators' powers*

■ The arbitrability of a dispute may be challenged in a judicial proceeding to vacate the arbitrators' award. *Spira v. American Standard Insurance Co.*, 361 N.W.2d 454, 456 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Mar. 29, 1985). Where arbitrability of a dispute is reasonably debatable, the trial court's review is de novo. *Id.*

Appellant claims the arbitrators here were not authorized to arbitrate a claim for the compelled purchase of property. Respondent's claim was not for the compelled purchase of property; that was the remedy fashioned by the arbitrators. The issues respondent placed before the arbitrators were breach of contract, negligence and misrepresentation.

Here, the arbitration clause in the parties' contract provides

All claims, disputes and other matters in question between the Contractor and the Owner arising out of, or relating to, the

Contract Documents or the breach thereof, * * * shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association * * *. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

The determination whether an award of damages is enforceable relates to the merits of the arbitrators' decision, and not to the issue of arbitrability. *E.D.S. Construction Co. v. North End Health Center, Inc.*, 412 N.W.2d 783, 785 (Minn.Ct. App.1987), *pet. for rev. denied* (Minn. Nov. 18, 1987). We agree with the trial court that David Co.'s claims arose out of and relate to the contract documents or the breach thereof, and thus fell within the scope of the arbitration agreement. The issue therefore is not arbitrability, but whether the arbitrators exceeded their powers in fashioning the remedy.

An arbitration award may be vacated where the arbitrators exceeded their powers. Minn.Stat. § 572.19, subd. 1(3) (1982). The power to fashion a remedy is a necessary part of the arbitrator's jurisdiction, unless withdrawn from the arbitrators by specific contractual language between the parties or by a written submission of issues that precludes the fashioning of a remedy. *City of Bloomington v. Local 2828*, 290 N.W.2d 598, 603 (Minn.1980). Appellant asserts the arbitrators exceeded their powers when they ordered Miller to pay David Co. $884,476, and in exchange receive title to the property.

Absent an agreement limiting the arbitrators' authority, the arbitrators are final judges of law and fact concerning the merits of the dispute, including the interpretation of contract terms. *State v. Berthiaume*, 259 N.W.2d 904, 910 (Minn.1977). An award may not be overturned, even if a court believes it to be incorrect. *Grudem Brothers Co. v. Great Western Piping Corp.*, 297 Minn. 313, 316–17, 213 N.W.2d 920, 923 (1973); *E.D.S. Construction*, 412 N.W.2d at 785.

The courts will set aside an arbitration award only when the objecting party meets its burden of proof that the arbitrators have clearly exceeded the powers granted them in the arbitration agreement. *Children's Hospital, Inc. v. Minnesota Nurses Association*, 265 N.W.2d 649, 652 (Minn.1978). A court will not overturn an award merely because it disagrees with the arbitrators' decision on the merits. *Id.* Absent a clear showing the arbitrators were unfaithful to their obligations, it is assumed the arbitrators did not exceed their powers. *Hilltop Construction, Inc. v. Lou Park Apartments*, 324 N.W.2d 236, 239 (Minn.1982). The fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to grant the award. Minn.Stat. § 572.19, subd. 1 (1982).

The fact that the relief was innovative, or even unique, does not, in itself, provide grounds for vacating or refusing to grant the award.

> [A]rbitrators may do what no other person acting in the capacity of one who judges can or has a right to do, namely they may intentionally decide contrary to the law and still have their judgment stand. * * * [I]f the parties have not insisted that the applicable law shall govern the decision on the facts, the arbitrators may decide the dispute according to their notion of justice without regard to the applicable law.

*Zelle v. Chicago & North Western Railway Co.*, 242 Minn. 439, 447, 65 N.W.2d 583, 589 (1954).

Whether the arbitrators acted within their power depends on the scope of the parties' agreement. *See E.D.S. Construction*, 412 N.W.2d at 786 (given broad scope of arbitration provision in contract and submission by parties of dispute to arbitrator, award of liquidated damages was within arbitrator's authority, although arbitrator referred to liquidated damages clause as "penalty clause"). Where the arbitrators are not restricted, by the terms of the agreement to submit to arbitration, to decide according to principles of law, they

may make an award according to their own notion of justice without regard to the law. *Metropolitan Waste Control Commission v. City of Minnetonka,* 308 Minn. 385, 242 N.W.2d 830, 832 (1976). The remedy provided in a contract is exclusive of other possible remedies only where the language in the contract clearly indicates an intent to make it exclusive. *Independent Consolidated School District No. 24 v. Carlstrom,* 277 Minn. 117, 121, 151 N.W.2d 784, 787 (1967).

The parties' contract provided:

The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

The Construction Industry Arbitration Rules of the American Arbitration Association, by which the parties agreed to be bound, provide the following scope of award:

The arbitrator may grant any remedy or relief which is just and equitable and within the terms of the agreement of the parties.

■ Appellant contends the trial court erred by finding that under *David A. Brooks Enterprises, Inc. v. First Systems Agencies,* 370 N.W.2d 434 (Minn.Ct.App. 1985), the award was within the arbitrators' power. Basing its decision in part of the strong preference in Minnesota for upholding the finality of an arbitrator's award, the *Brooks* court affirmed the arbitrators' award of interest dating to the date damage occurred, although statutes provide for interest only from date of report or verdict until judgment. Since the arbitration agreement does not limit the arbitrators' award, but merely requires it to be just and equitable, and within the terms of the parties' agreement, *Brooks* is not distinguishable on this basis. *See Willoughby Roofing & Supply Co., Inc. v. Kajima International, Inc.,* 598 F.Supp. 353 (N.D.Ala.1984) (where contract incorporating Construction Industry Arbitration rules purported to place no limits on the remedial authority of the arbitrators, arbitrators did not exceed their powers by

awarding punitive damages). Where, as here, the plain language of the arbitration agreement so dictates, we are compelled to affirm the trial court's determination that the arbitrators did not exceed their powers. *See Children's Hospital,* 265 N.W.2d at 652.

■ Appellant also asserts that within the meaning of Minn.Stat. § 572.19, subd. 1(3), the arbitrators exceeded their authority by "arbitrating claims involving the compelled purchase of real property in the absence of a written contract purporting to satisfy minimal requirements of the statute of frauds * * *." Appellant contends the arbitrators had no authority to award Miller the property in exchange for $884,476, because the conveyance violates the statute of frauds, Minn.Stat. §§ 513.04–.05 (1982).

Appellant asserts that here there was no written contract for the conveyance of the land, that the construction contract did not provide for the sale or purchase of the property, and that the arbitration award of the property violated the policy behind the statute of frauds. The statute expresses a public policy preventing the enforcement of contracts that were never made by means of fraud and perjury. To prevent fraud by those who would deny an oral contract actually made, the statute permits enforcement of an oral contract if there exists a note or memorandum as evidence of the contract. *Radke v. Brenon,* 271 Minn. 35, 38, 134 N.W.2d 887, 890 (1965).

Appellant claims the arbitrators exceeded their powers because the order to convey the property to Miller conflicts, both with the statute of frauds and with the important public policy behind it. We disagree. The statute of frauds exists to prevent fraud, not to promote it. Appellant seeks to invoke the statute of frauds to the detriment of respondent, an injured party.

Here, arbitrators did not improperly create an interest in property without following the prescribed statutory requirements. The award ordering a conveyance does not violate the statute of frauds.

## II

*Waiver*

■ Appellant claims the arbitrators' award must be vacated because respondent waived its right to arbitrate claims by making full payment.

Waiver of a contractual right to arbitration is ordinarily a question of fact and determination of this question, if supported by substantial evidence, is binding on an appellate court.

*Renown, Inc. v. Hensel Phelps Construction Co.*, 154 Cal.App.3d 413, 201 Cal.Rptr. 242, 243 (1st Dist.1984) (affirming trial court's finding of waiver on the basis that defects had been discoverable upon reasonable inspection) (quoting *Doers v. Golden Gate Bridge, Highway & Transportation District*, 23 Cal.3d 180, 151 Cal.Rptr. 837, 839, 588 P.2d 1261, 1263 (1979)).

Here, the parties' agreement provided that the making of final payment shall constitute a waiver of all claims by the owner except those arising from unsettled liens; faulty or defective work appearing after substantial completion; failure of the work to comply with the requirements of the contract; and terms of any special warranties required by the contract.

Appellant claims that the portion of the award for carrying costs from May 1 to October 31, 1986, was not for faulty or defective work appearing after substantial completion, because respondent would have known of these carrying costs prior to making final payment. Respondent argues that the carrying costs were not for delay, but were expenses respondent incurred after the project was completed, because the defects and nonconformities made the units unmarketable. The trial court specifically found breach of the contract was the origin of David Co.'s claims. Breach of contract is the same thing as "failure of the work to comply with the requirements of the Contract Documents." We agree with the trial court's finding "the award does not include any amounts for Miller's delay in performance despite Miller's promise to complete Phase I by May 10, 1984."

Appellant points to other damages, such as lost profit, that would have been incurred prior to respondent's final payment. However, the waiver exception for contract breach does not specify, as does the faulty or defective work provision, that it must be discovered after final payment. This case differs from *Carlstrom*, cited by appellant, where the contract provided that final payment barred all claims between the parties except claims for defects due to faulty work or materials, which appear within one year from substantial completion. *Carlstrom*, 277 Minn. at 121, 151 N.W.2d at 787. We affirm the trial court's finding of no waiver.

## DECISION

1. The arbitrators did not exceed their powers by awarding appellant the property in question, and awarding respondent damages including the purchase price of the property.

2. Respondent did not waive its right to arbitration by making final payment on the construction contract.

AFFIRMED.

RANDALL, J., dissents.

RANDALL, Judge, dissenting.

I respectfully dissent. The arbitrators found the damages were $497,925. That is the amount Miller should be required to pay David Company. Instead of requiring Miller to pay that amount, the arbitrators are requiring Miller to pay $884,476, which is $386,551 more than the damages, and then Miller is to receive David Company's property. I find the arbitrators acted within their broad discretionary powers in computing damages, but find no reason for the additional step of the property transfer.

The record does not disclose that the parties agreed to this form of disposition, nor does it disclose that the property is worth precisely $386,551. If Miller nets more than that from the sale, Miller will have a windfall. If Miller nets less than that from the sale, David Company will have a windfall. The amount of the potential windfall is subject to several variables,

including but not limited to market conditions, the limited pool of buyers for partially completed rental property, incidental expenses of holding for sale such as debt service, utilities, additional work, realtors' fees, et cetera. The net from the sale cannot be predicted with any accuracy. I find no reason to expose either side to the unknown of a property transfer. Since the arbitrators found a specific amount of damages, that is the amount the winning party should receive and the losing party should pay.

I do not reach appellant's argument that the award violates the statute of frauds. I would decide the case solely on the issue that the award fashioned by the arbitrators, being subject to so many variables outside the record, excluded the scope of their power.

Since the arbitrators found $497,925 in damages, that, and that alone, is the amount appellant should pay respondent.