JOHN KLINGELHUTZ, d.b.a. KLINGELHUTZ
CONSTRUCTION COMPANY, v.
DONALD C. GROVER AND OTHERS.
ARDELL L. BREN, d.b.a. BREN CONSTRUCTION
COMPANY, THIRD-PARTY DEFENDANT.

236 N. W. 2d 610.

November 28, 1975—No. 45129.

*Robert A. Nicklaus,* for appellant.
*James G. Penberthy,* for respondents Grover.
*William B. Odell,* for respondent Bren.

PER CURIAM.

Plaintiff brought a mechanics lien action for recovery of costs of construction of a home for defendants Donald C. Grover and Elaine W. Grover, husband and wife. On appeal, he challenges the amount allowed on his claim and the amount allowed for attorneys fees. We affirm.

On September 27, 1969, plaintiff and defendants Grover entered into a written contract in which plaintiff agreed to construct a house on their property in return for $35,297. On the night the contract was signed, plaintiff and defendants Grover examined certain detailed plans and the contract price was based on these plans. After the contract was signed and before construction began, the original plans were modified on two different occasions. Other changes were made as construction proceeded. The Grovers agreed to pay an increased cost caused by these modifications. However, the original plans were lost after the contract was signed. Plaintiff and the Grovers were unable to agree on the extent of the changes and their cost, and this suit followed. Although plaintiff argued that many changes were made in the two revisions of the plans, the evidence indicated that only two major changes were made. On October 10, 1969, the plans were revised to add a bow window in the living room and to rearrange several of the rooms. On October 31, 1969, the plans were revised to widen the house by one foot...

A multitude of other minor changes were made during the course of construction. The parties have stipulated to a large number of these changes and to their cost, but many other items are still in dispute. The trial court awarded plaintiff damages of $406.34.[1] There was considerable testimony on the question of damages and while this award does not correspond with the testimony of any particular party or expert, it is within the perimeters of the testimony of the various witnesses.

Findings of fact by the trial court will be upheld on appeal if

[1] It is undisputed that the original contract price was $35,297 and that the Grovers were given credit for materials furnished in the sum of $5,630, leaving a net contract price of $29,667. The parties had stipulated before trial that defendants Grover owed plaintiff $5,116.67 over the contract price for certain changes and the trial court found that defendants Grover owed plaintiff an additional $569.23 for disputed items. Thus, the total amount due plaintiff was $35,352.90. Since the Grovers had already paid plaintiff $34,946.56, the trial court granted plaintiff judgment for the difference, $406.34.

reasonably supported by the evidence considered as a whole. Findings of valuation will not be disturbed on appeal if within the limits described by the evidence, even though they do not exactly adopt the testimony of any one witness. Standard Const. Co. Inc. v. National Tea Co. 240 Minn. 422, 62 N. W. 2d 201 (1953).

As we stated in Carroll v. Pratt, 247 Minn. 198, 202, 76 N. W. 2d 693, 697 (1956):

"* * * It is elementary that a trial court need not adopt the exact figures of any witness in determining either damages or the extent of performance, and as long as its finding is within the mathematical limitations established by the various witnesses and is otherwise reasonably supported by the evidence as a whole, such finding must be sustained."

See, also, Lovrenchich v. Collins, 233 Minn. 183, 46 N. W. 2d 264 (1951). The trial court's award is within the range of testimony at trial, and, therefore, affirmed.

Plaintiff also argues that the attorneys fees awarded by the trial court, $150, are inadequate. Plaintiff's attorney claims that a reasonable fee would be $1,543.35.

Reasonable attorneys fees may be awarded as part of a mechanics lien foreclosure costs pursuant to Minn. St. 514.14. The amount to be awarded, if any, is within the discretion of the trial court, exercised after due consideration of the evidence presented on the question and of the trial court's observations of the services rendered. Obraske v. Woody, 294 Minn. 105, 199 N. W. 2d 429 (1972). Although the amount awarded is extremely modest, we do not find the trial court abused its discretion.

Affirmed.