HILLTOP CONSTRUCTION,
INC., Respondent,

v.

LOU PARK APARTMENTS, et
al., Appellants,

Minnesota Housing Finance Agency,
et al., Defendants,

and

Kenneth H. Peterson, et al., Additional
Party Defendants to the Crossclaim
of Lyman Lumber Company.

No. 81–1142.

Supreme Court of Minnesota.

Sept. 10, 1982.

Rehearing Denied Oct. 4, 1982.

Speetor, Johnson, Hautman & Olson, Vincent E. Johnson and Patrick V. Johnson, Minneapolis, for appellants.

Maun, Green, Hayes, Simon, Johanneson & Brehl, Richard Donohoo and Larry B. Guthrie, St. Paul, for respondents.

KELLEY, Justice.

Appellants appeal from an order of the Hennepin County District Court confirming an arbitration award in favor of the respondent general contractor arising out of a dispute in connection with the construction of a low-income apartment complex owned by appellants in St. Louis Park. The trial court held that the arbitrators did not exceed their authority in making the award; that failure of the arbitrators to specifically itemize the award with respect to claims of the respondent did not require the court to submit the award to the arbitrators for clarification; and that respondent was not entitled to attorneys fees. We affirm the court's ruling that the arbitrators did not exceed their authority and that an order for clarification was not mandated by the statute or the circumstances of this case, but we reverse the trial court's denial of attorneys fees to respondent, Hilltop Construction, Inc.

Kenneth Peterson, the president of Hilltop Construction, Inc. (Hilltop), and Daniel

Otten, the president of Otten Realty, Inc., became interested in building a low-income apartment project on property owned by Otten Realty, Inc. Eventually, the land on which the project was to be erected was conveyed to the Lou Park Apartment Limited Partnership (Lou Park). Architects were hired, city council approval obtained and mortgage financing was approved. Hilltop submitted the low bid for construction of the project, after which the construction contract was signed on September 2, 1977. Simultaneously therewith, a supplemental contract providing for payment of the contractor's fee was signed. On September 26, 1977, the president of Hilltop was called to the Minnesota Housing and Finance Agency (MHFA), which had arranged the mortgage, to re-execute the contract because MHFA wanted the mortgage to have priority over the construction contract. This latter contract differed in some respects from the September 2, 1977 contract but was generally the same.[1]

Shortly after construction started, some problems developed. Some items in the original plans had to be changed—such as fire wall changes ordered by the fire department, a fence around the pool ordered by the building inspector, and other changes —and, in addition, the project was delayed because of labor strikes and bad weather. The question of responsibility for payment for changes made during construction was never resolved by the parties. Hilltop was never paid its "final draw" or its contractor's fee, and Lou Park paid for none of the changes made during construction.

Hilltop filed a mechanics lien on the property on which it claimed it was owed $253,-871 by Lou Park, and later began an action to foreclose the lien in Hennepin County District Court. Several subcontractors were included as defendants in the foreclosure action. The subcontractors counterclaimed for amounts they alleged were due them. However, Lou Park, instead of interposing an answer, moved to dismiss the action on the grounds that Hilltop had waived its mechanics lien rights in the contract and that the contract required arbitration of the dispute. In response to that motion, the district court, on February 14, 1980, ordered Hilltop's complaint to be dismissed and further ordered that the dispute be submitted to arbitrators within 30 days. Hilltop appealed that order to this court.

Following further proceedings in this court and in the trial court, hereinafter set forth in Part 3 hereof, the dispute between Hilltop and Lou Park was heard before three arbitrators who issued an award on May 20, 1981. The award indicated that Lou Park was to pay to Hilltop $270,670.83. The award, however, denied Hilltop's attorneys fees, costs and disbursements "without prejudice to its right to pursue its claim in the pending action in Hennepin County District Court." Lou Park then applied to the American Arbitration Association for a modification of the award as provided in Minn.Stat. § 572.20 (1980), but the request was denied. Hilltop then requested the Hennepin County District Court to confirm the award under Minn.Stat. § 572.18 (1980). On July 29, 1981, the district court confirmed the award but determined that Hilltop could make no claim against Lou Park for attorneys fees. Lou Park appeals from the order of the court confirming the award. Hilltop has filed a notice of review of that part of the court's order denying it its attorneys fees and costs.

1. Appellants initially contend that the arbitrators exceeded their powers in making the award in this case.[2] Lou Park argues that where there is a dispute concerning whether a contract was executed by mistake, the issue cannot be decided by the

---

1. The liquidated damages clause was increased from $200 to $796 per day; the completion date was changed from August 3, 1978 to August 26, 1978; the start order date was changed from 30 days to 15 days; the contractor's fee was deleted, so the total contract sum was reduced by that amount; the contractor's cost of construction was altered; and the bond price was increased.

2. Minn.Stat. § 572.19, subd. 1(3) provides: "Upon application of a party, the court shall vacate an award where * * * [t]he arbitrators exceeded their powers."

arbitrators absent an agreement in the arbitration agreement that such matters were subject to arbitration. *See Atcas v. Credit Clearing Corp. of America,* 292 Minn. 334, 197 N.W.2d 448 (1972). It argues that since the arbitration award refers to the September 2 contract, the arbitrators must have decided the September 26 contract was executed by mistake. In rejecting this contention, the trial court noted that reference to the September 2 contract was in a preprinted preamble referring to the arbitration agreement.[3] Moreover, the demand for arbitration executed by Lou Park also contained a preprinted preamble referring to the September 2 date, as did its claim for relief.[4]

 The burden rests on Lou Park to demonstrate that the arbitrators exceeded their powers. This it has failed to do. Absent a clear showing that the arbitrators were unfaithful to their obligations, the courts assume that the arbitrators did not exceed their authority. *Seppala & Aho-Spear Associates v. Westbrook Gardens,* 388 A.2d 88, 90 (Me.1978); *Simpson v. Simpson,* 194 Neb. 453, 458, 232 N.W.2d 132, 137 (1975). Arbitrators must clearly exceed their powers before an award will be overturned. *Children's Hospital, Inc. v. Minnesota Nurses Association,* 265 N.W.2d 649, 652 (Minn.1978); *State v. Berthiaume,* 259 N.W.2d 904, 910 (Minn.1977). A mere ambiguity in the opinion accompanying an award which permits an inference that the arbitrators may have exceeded their authority is no reason for refusing to enforce the award. *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424

(1960). Appellant Lou Park has made no showing that the arbitrators exceeded their authority. It is clear that the reference in the preamble to the arbitrators' award to the contract date of September 2, 1977 is simply in accord with appellants' own demand for arbitration. There is no showing that the arbitrators considered the September 26 contract was executed by mistake. Accordingly, the trial court correctly refused to overturn the arbitrators' award.

2. Lou Park next claims that the arbitrators' award should have been more specific. The award stated that Lou Park was to pay Hilltop $270,670.83 and that the amount included interest through May 20, 1981. Hilltop's original mechanics lien action requested $253,186.54, so at first glance it would appear that the additional $17,484.29 was awarded as interest. However, if interest is computed on $253,186.54 for 818 days (the date of completion, February 23, 1979, to the date of the arbitration award, May 20, 1981) at 6% simple interest, the total would be $34,045.16, and the total award would have been $287,231.70. From this, one could speculate that some liquidated damages were allowed and set off against Hilltop's claim, or that some change orders were disallowed. Lou Park is requesting that the arbitrators' award be remanded for clarification. In particular, Lou Park wants the arbitrators (1) to specify some grounds for ignoring the September 26 agreement, (2) to specify the rate of interest, (3) the principal and the amount awarded for liquidated damages, and (4) to specify the amount awarded for extras and unfinished work.

 The general rule is that arbitrators need not render an account or give

---

3. That preprinted preamble read as follows: I, (WE), THE UNDERSIGNED ARBITRATOR(S), having been designated in accordance with the Arbitration Agreement entered into by the above-named Parties, and dated September 2, 1977 and having been duly sworn and having duly heard the proofs and allegations of the Parties, AWARD as follows:

4. Lou Park's preprinted preamble in the demand for arbitration read:
Named claimant, a party to an arbitration agreement contained in a written contract, dated September 2, 1977 providing for arbitration under the Construction Industry Arbitration Rules, hereby demands arbitration thereunder.
In that same document, Lou Park stated the claim or relief sought was:
Adjudging and declaring that Daniel F. Otten, Lou Park Apartments and Otten Realty owe nothing to the general contractor under the terms of the construction agreement dated September 2, 1977, together with the duly executed addendums.

reasons for their decision. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960); *McKenzie v. Warmka*, 81 Wis.2d 591, 601, 260 N.W.2d 752, 757 (1978). As indicated, Lou Park never established from the award that the arbitrators ignored the September 26 agreement. Therefore, Lou Park's request goes beyond mere clarification as provided by Minn.Stat. § 572.16 (1980).[5] With respect to the liquidated damage claims, the rate of interest, extras, allowances for setoffs for unfinished work and like items, the district court undoubtedly had the authority to order the arbitrators to clarify their award. While we have never specifically addressed the issue in any of our cases, we agree with the Alaska Supreme Court that the trial court does have the authority to compel arbitrators to clarify their awards. *See University of Alaska v. Modern Construction, Inc.*, 522 P.2d 1132; 1136 (Alaska 1974). On application of a party, however, it does not follow that the trial court *must* submit the matter to the arbitrators for the purpose of clarifying the award. The statute reads that the court "may order" such submission, but whether the court does so rests within its discretion. An arbitration award which awards a sum of money in satisfaction of various claims of the parties need not separately treat each claim or explain the arbitrator's reasoning process. *McKenzie v. Warmka*, 81 Wis.2d 591, 601, 260 N.W.2d 752, 757 (1978). Lou Park has made no showing of an abuse of discretion on the part of the trial judge in refusing Lou Park's request.

3. Respondent Hilltop, in its notice of review, contends the trial court erred in denying it its attorneys fees. Hilltop commenced this action to foreclose a mechanics lien. Minn.Stat. § 514.14 (1980), with respect to judgments and actions to foreclose a mechanics lien, states: "Judgment shall be given in favor of each lienholder for the amount demanded and proved by him, with costs and disbursements to be fixed by the court at the trial." This statute has been interpreted to permit the award of reasonable attorneys fees. *Asp v. O'Brien*, 277 N.W.2d 382, 385 (Minn.1979); *Klingelhutz v. Grover*, 306 Minn. 271, 273, 236 N.W.2d 610, 612 (1975); *Obraske v. Woody*, 294 Minn. 105, 109, 199 N.W.2d 429, 432 (1972).

In the arbitration proceeding, Hilltop requested that the arbitrators award it reasonable attorneys fees. In denying the request, the award stated:

> The request of RESPONDENT for attorneys fees, costs and disbursements is denied without prejudice to its right to pursue its claim in the pending action in Hennepin County District Court.

At the hearing on the confirmation of the award in Hennepin County District Court, Hilltop again requested that the court allow it its attorneys fees. The trial court denied the request on the grounds that Hilltop's mechanics lien action had been dismissed by the court's order of February 14, 1980.[6] The trial court correctly stated that Hilltop's mechanics lien claim had been dismissed by its order of February 14, 1980. Apparently, however, the court overlooked the fact that the February 14, 1980 order was appealed to this court which, on May

---

5. Minn.Stat. § 572.16 (1980) provides in part: On application of a party or, if an application to the court is pending under sections 572.18, 572.19, or 572.20, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in clauses (1) and (3) of subdivision 1, section 572.20, or for the purpose of clarifying the award.

6. In its memo attached to the order, the court said:

> The arbitrators' award denied Hilltop's claim for attorney's fees without prejudice to its

right to pursue such a claim "in the pending action in Hennepin County District Court." The reference is plainly to the mechanic's lien action. (Henn.Cty.Dist.Ct. File No. 760151). Hilltop was a party to that action with a claim against Lou Park. That claim was dismissed by the Order of this court dated February 14th, 1980. That being so, Hilltop can make no claim against Lou Park for attorney's fees. That the arbitrators did not appreciate this procedural fact in the award, however, is no basis for vacating the award in whole or in part.

13, 1980, issued a prehearing order stating "that all proceedings in the above-entitled appeal be stayed and that portion of the appeal dealing with the propriety of the dismissal of the underlying action be remanded to the district court for its reconsideration of that portion." Upon reconsideration, the Hennepin County District Court, on June 30, 1980, ordered a partial summary judgment in favor of Lou Park; ordered the claims between Lou Park and Hilltop severed from the action to proceed to arbitration; and ordered that the remaining named defendants proceed with preparation and trial of their claims. On September 24, 1980, this court issued another prehearing order mandating "that all proceedings in the above-entitled appeal continue to be stayed, that the matter be remanded to the District Court for arbitration proceedings, and that this court retain jurisdiction of the other issue [regarding the mechanics lien action] on appeal pending the results of arbitration."

If the district court's order of June 30, 1980 granting summary judgment to Lou Park was final, the mechanics lien action between Lou Park and Hilltop was no longer pending before that court. If that were the case, the district court would have correctly determined that Hilltop's claim for attorneys fees should be denied. However, this court's prehearing conference order dated September 24, 1980 specifically states, "that the parties have consented to proceed to arbitration if the issue regarding the appellant's [Hilltop at this point] mechanic's lien action can be preserved." This court then continued the stay in Hilltop's appeal, remanded the case to the district court for arbitration proceedings, and ordered that this court retain jurisdiction of other issues on appeal pending the result of that arbitration. Clearly, Hilltop, by consenting to arbitration, did not waive its claim for attorneys fees as shown by this procedural history. The February 14, 1980 district court order dismissing Hilltop's mechanics lien action is here on appeal, and

this court has stayed all proceedings therein except the arbitration.

In fact, the district court did determine the amount of Hilltop's reasonable attorneys fees. In its order dated July 29, 1981, the court initially provided for such fees.[7] It subsequently crossed out paragraph 3 of that order and explained why in a memo (above cited) attached to the order. Since the court initially determined that reasonable attorneys fees were $35,000, and since it was in error in concluding that Hilltop was not entitled to those attorneys fees, there has already been a determination of that issue. No useful purpose would be served by returning the matter to the Hennepin County District Court to determine what it already has determined. Accordingly, we remand to the district court, ordering it to reinstate paragraph 3 of its order for judgment dated July 29, 1981, awarding respondent Hilltop $35,000 in attorneys fees plus $1,016.14 for costs and disbursements.

Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.

COYNE, J., took no part in the consideration or decision of this case.

---

7. The original order for judgment contained paragraph 3 which read:

 3. That judgment in the amount of $35,-000.00, together with costs and disburse-

ments in the amount of $1,016.14, be entered in favor of plaintiff and against these defendants as plaintiff's reasonable attorneys' fees.