Lenore L. **FUDALLY**, Respondent,

v.

**CHING JOHNSON BUILDERS, INC.**, Appellant.

No. C3–84–969.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Nels W. Truelson, Truelson & Truelson, P.A., Minneapolis, for respondent.

John M. James, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

PARKER, Judge.

This is an action to recover damages for appellant-contractor's negligent construction of a porch addition to respondent's home. The contractor counterclaimed for the balance due on the contract. The jury found the contractor negligent in the design or construction of the addition and assessed $7,000 in damages. The contractor appeals from a denial of its motion for a new trial. We affirm.

## FACTS

In 1979 respondent Lenore Fudally and her now-deceased husband contracted with appellant Ching Johnson Builders, Inc. (Ching Johnson), a remodeling contracting company, to build a three-season porch on the back of their home and to perform other minor projects. The parties agreed upon a price of $10,000 for all of the work.

During construction of the porch the Fudallys expressed concerns about the quality of the workmanship and materials going into the porch. Nevertheless, they paid Ching Johnson $8,500 on the contract and an additional $530 for a garage floor.

After the work was completed, Mrs. Fudally became increasingly unhappy with the quality of the construction and in 1982 filed a complaint against Ching Johnson, alleging negligent breach of contract. Ching Johnson counterclaimed for the balance due on the contract.

At trial Mrs. Fudally testified along with two expert witnesses, Robert Buresh, formerly a general contractor and building inspector, and Marlyn Dynneson, a building contractor, about the inadequacies of the porch. Among the defects alleged were: the foundation was built out of square and not pursuant to specifications; windows, paneling, and a door were improperly installed; there were substantial leaks around the roof and window area; the roof was inappropriate for a three-season porch and was improperly installed; cupboards were not installed plumb with the wall; and non-matching lumber types were used.

Ching Johnson, testifying on behalf of his company, denied most of the allegations.

The only evidence introduced regarding money damages was an estimate prepared by Mr. Dynneson for $10,500, to rectify the defects in the porch. The proposal consisted of a list of items that required correction and amounted to a complete reconstruction of the porch. However, Mr. Dynneson stated the porch was usable if properly roofed.

## ISSUE

Was the jury's damages award supported by the evidence?

## DISCUSSION

■ The appellate court's role in reviewing jury verdicts in Minnesota is limited by the following standard:

All testimony must be considered in the light most favorable to the prevailing party, * * * and a verdict will only be disturbed if it is "manifestly and palpably contrary to the evidence."

*Stuempges v. Parke, Davis & Co.,* 297 N.W.2d 252, 256 (Minn.1980) (citations omitted).

Ching Johnson does not argue that the liability portion of the jury's verdict was not supported by the evidence; rather, its argument focuses on Mrs. Fudally's proof of damages.

The trial court's charge to the jury on this issue was:

The measure of damages in this case is the fair and reasonable value of the materials and workmanlike services necessary to provide plaintiff with a reasonably satisfactory addition to her home of the size and general description for which she contracted.

■ The usual measure of damages in this type of case is stated as follows:

The usual measure of damages for breach of a construction contract is the cost of reconstruction. If reconstruction is not possible without unreasonable economic waste, the proper measure of dam-

ages is the difference in value between what was contracted for and what was actually built.

*Asp v. O'Brien,* 277 N.W.2d 382, 384 (Minn.1979) (citing *Northern Petrochemical Co. v. Thorsen & Thorshov, Inc.,* 297 Minn. 118, 124, 211 N.W.2d 159, 165 (1973)). *Accord Marshall v. Marvin H. Anderson Construction Co.,* 283 Minn. 320, 325, 167 N.W.2d 724, 727–28 (1969); *H.P. Droher and Sons v. Toushin,* 250 Minn. 490, 499, 85 N.W.2d 273, 280 (1957).

■ Appellant argues that because Mrs. Fudally's only evidence on damages was an estimate for total reconstruction, and because reconstruction of the porch would be wasteful, the reconstruction measure is not appropriate. As appellant points out, this case was submitted to the jury on a "negligent breach of contract" theory. In *Lesmeister v. Dilly,* 330 N.W.2d 95, 102 (Minn. 1983), the court indicated that it has not yet recognized this cause of action. Mrs. Fudally's underlying cause of action, therefore, was breach of contract, rather than negligence. However, Ching Johnson did not object to the jury instruction at trial, and thus it is the law of the case. *See Bethesda Lutheran Church v. Twin City Construction Co.,* 356 N.W.2d 344, 348 n. 1 (Minn.Ct.App.1984) (citing *Furley Sales and Associates v. North American Automotive Warehouse, Inc.,* 325 N.W.2d 20, 28 (Minn.1982)).

In any event, whether or not total reconstruction would be wasteful in this case is irrelevant because the jury did not award Mrs. Fudally $10,500 for total reconstruction but instead set her damages at $7,000. The jury concluded, in accordance with the instruction, that something less than total reconstruction would provide Mrs. Fudally with "the fair and reasonable value of the materials and services necessary to give her a reasonably satisfactory addition to her home."

■ Ching Johnson also contends the jury's verdict is not supported by the evidence because in order to arrive at a specific damages figure below total reconstruc-

tion cost, an itemization of the cost of correcting specific defects was necessary. Since no such itemization was presented, Ching Johnson argues the jury had no basis upon which to calculate its award, and damages were improperly the product of "benevolent speculation." *See Faust v. Parrott,* 270 N.W.2d 117, 120 (Minn.1978).

The specificity urged by Ching Johnson is not necessary to sustain the jury's verdict. In *Carroll v. Pratt,* 247 Minn. 198, 202, 76 N.W.2d 693, 697 (1956), the Minnesota Supreme Court stated:

> It is elementary that a trial court need not adopt the exact figures of any witness in determining * * * damages * *, and as long as its finding is within the mathematical limitations established by the various witnesses and is otherwise reasonably supported by the evidence as a whole, such finding must be sustained.

*See also Klingelhutz v. Grover,* 306 Minn. 271, 273, 236 N.W.2d 610, 611–12 (1975) ("[f]indings of valuation will not be disturbed on appeal if within the limits described by the evidence * * * "). *Accord Asp v. O'Brien,* 277 N.W.2d at 385.

In this case, the jury did not resort to "benevolent speculation" as Ching Johnson contends. The proposal submitted by Mrs. Fudally's witness was a maximum figure representing total reconstruction, but he also stated the porch was usable if properly roofed. Although an itemization may have made the damage award more precise, the standard does not require precision. The figure awarded was within the parameters established by the evidence and therefore is sustained.

### DECISION

Affirmed.