**Maria ORTEGA, Appellant,**

v.

**FARMERS INSURANCE GROUP,
Respondent.**

**No. C2–91–240.**

Court of Appeals of Minnesota.

Aug. 6, 1991.

Paul J. Phelps, Mary C. Ivory, Lyons, Sawicki and Neese, St. Paul, for appellant.

J. Mark Catron, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for respondent.

Considered and decided by PETERSON, P.J., and FOLEY and KALITOWSKI, JJ.

## OPINION

FOLEY, Judge.

After respondent Farmers Insurance Group discontinued appellant Maria Ortega's no-fault benefits, Ortega sought arbitration. The arbitrator found in favor of Farmers, and Ortega moved the district court to vacate the arbitration award. The court refused to vacate the arbitrator's award. We affirm.

## FACTS

Ortega was involved in a motor vehicle accident on January 17, 1987. The vehicle in which she was riding was insured by Farmers. After paying Ortega's chiropractic treatment bills for several months, Farmers sought an independent medical examination. By certified letter dated November 12, 1987, Farmers informed Ortega that she had an appointment for December 1, 1987 with Dr. Clyde Warner at his office in New Brighton. Ortega is a resident of Forest Lake. Ortega neither attended the examination nor advised Farmers of her decision not to attend. Because of Ortega's failure to attend the examination, Farmers discontinued Ortega's no-fault benefits on December 8, 1987.

On March 15, 1990, Ortega filed a petition for arbitration with the American Arbi-

tration Association. Ortega claimed $5,000 in "chiropractic treatment, medical treatment, mileage, ongoing treatment plus statutory interest."

The arbitrator found in favor of Farmers. The arbitrator noted that Ortega failed to attend the examination and failed to object to the location of the examination.

Ortega moved the district court to vacate the arbitration award, contending that as a resident of Forest Lake she was not required to attend an examination in New Brighton. The court denied Ortega's motion to vacate the arbitrator's award. The court accepted Farmers' claim that no neurologist conducts independent medical examinations in Forest Lake and concluded New Brighton is reasonably close to Forest Lake. The court also expressed concern over Ortega's failure to notify Farmers of any objection to the examination's New Brighton location. Ortega appeals.

### ISSUES

1. Did the trial court err in refusing to vacate the arbitration award?

2. Is Farmers entitled to attorney fees because Ortega's brief included matters not presented to the trial court?

### ANALYSIS

*Standard of Review*

Ordinarily, absent agreement between the parties to limit an arbitrator's authority, an arbitrator is the final judge of both the facts and the law. *David Co. v. Jim W. Miller Constr., Inc.*, 444 N.W.2d 836, 840 (Minn.1989). In no-fault arbitration, however, to assure consistent interpretation of the No–Fault Act, arbitrators decide only issues of fact; interpretation of the law is left to the courts. *Johnson v. American Fam. Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). The arbitrator's findings of fact remain final. *Id.* at 422. This court reviews questions of law *de novo*. *Castor v. City of Minneapolis*, 429 N.W.2d 244, 245 (Minn.1988).

### 1. *Failure to Attend*

■ At issue here is the proper construction and application of Minn.Stat. § 65B.56, subd. 1 (1990), which provides:

Any person with respect to whose injuries benefits are claimed under a plan of reparation security shall, upon request of the reparation obligor from whom recovery is sought, submit to a physical examination by a physician or physicians selected by the obligor as may reasonably be required.

* * * Such examinations shall be conducted within the city, town, or statutory city of residence of the injured person. If there is no qualified physician to conduct the examination within the city, town, or statutory city of residence of the injured person, then such examination shall be conducted at another place of the closest proximity to the injured person's residence. * * *

* * * If the claimant refuses to cooperate in responding to requests for examination and information as authorized by this section, *evidence of such noncooperation shall be admissible in any suit or arbitration* filed for damages for such personal injuries or for the benefits provided by sections 65B.41 to 65B.71.

*Id.* (emphasis added). Ortega contends that as a resident of Forest Lake, she was under no obligation to attend an examination in New Brighton. Farmers argues that because Forest Lake did not have a qualified neurologist conducting independent medical examinations, it was entitled to schedule an examination in New Brighton.

We agree with Farmers. One of the purposes of the No–Fault Act is "to require medical examination and disclosure." Minn.Stat. § 65B.42(5) (1990). To achieve this goal, section 65B.56, subd. 1 authorizes insurers to request independent medical examinations and requires the insured to submit to reasonable examinations. An insurer may reasonably select a physician to perform the examination within the city, town or statutory city of the insured's residence. Minn.Stat. § 65B.56, subd. 1. If this is not possible, the examination must

be conducted as close as possible to the insured's city of residence. *Id.*

In the trial court, Farmers presented an affidavit indicating that Forest Lake does not have a qualified neurologist conducting independent medical examinations. Ortega did not present any evidence before the trial court to contradict this affidavit.

Ortega bears the burden of establishing that the arbitrator exceeded his authority. *Hilltop Constr., Inc. v. Lou Park Apartments*, 324 N.W.2d 236, 239 (Minn.1982). Absent a clear showing that the arbitrator exceeded his authority, the courts will not assume that he did so. *Id.* "Arbitrators must clearly exceed their powers before an award will be overturned." *Id.* (citing *Children's Hosp., Inc. v. Minnesota Nurses Ass'n*, 265 N.W.2d 649, 652 (Minn.1978)). The arbitrator included a statement regarding Ortega's failure to object to an examination scheduled in New Brighton. This, however, does not provide a basis for concluding the arbitrator exceeded his authority by interpreting the No–Fault Act to require Ortega to object. *Hilltop Constr.*, 324 N.W.2d at 239.

 On appeal, Ortega contends an insurer scheduling an independent medical examination outside of its insured's city of residence should be required to inform the insured that although Minnesota law requires the examination be held in the insured's city of residence, a qualified physician is not in the insured's city of residence. The burden would then shift to the insured to show there are qualified physicians in the city where the insured resides.

The No–Fault Act does not require insurers give the notification Ortega proposes. We decline to impose such a notice requirement. The act gives insurers the right to make a reasonable selection of physicians, within certain limits, and there is no reason for this court to impose limitations that the legislature has not imposed.

In addition, the statute specifically authorizes the arbitrator to consider Ortega's failure to attend the scheduled examination. Minn.Stat. § 65B.56, subd. 1.

Ortega failed to show the arbitrator exceeded his authority.

### 2. *Attorney Fees*

On appeal, Ortega presented a report prepared by Dr. Paul Schanfield, a neurologist who does occasional work at the Forest Lake Doctor's Clinic. In addition, Ortega included a portion of Dr. Schanfield's deposition, in which he indicates he performs independent medical examinations. The report and deposition do not show that Dr. Schanfield conducts independent medical examinations *in Forest Lake*.

Farmers requests attorney fees for Ortega's inclusion in her appendix of Dr. Schanfield's report and the portion of his deposition. These documents were not before the trial court, are not properly before this court and are stricken. *See* Minn.R.Civ. App. P. 110.01. Farmers' request for attorney fees is denied.

### DECISION

The arbitrator was authorized to consider Ortega's failure to attend the scheduled examination. Ortega failed to show the arbitrator exceeded his authority, and the trial court's refusal to vacate the arbitrator's award is affirmed.

Affirmed.