**In re Arbitration of Gary KEIM, claimant, Appellant,**

**v.**

**FARM BUREAU INSURANCE COMPANY, Respondent.**

**No. C7–91–2226.**

Court of Appeals of Minnesota.

March 31, 1992.

Review Denied May 21, 1992.

Ross M. Muir, Muir, Heuel, Carlson & Spelhaug, Rochester, for appellant.

Mike Goodman, Jodi L. Williamson, Goodman, Guzinski & Williamson, Rochester, for respondent.

Considered and decided by NORTON, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

This case involves appellant's eligibility for no-fault benefits. At the time of his injury appellant was unemployed. After respondent insurance company refused to pay appellant income loss benefits, he petitioned for mandatory arbitration and was awarded $6,245.00 in income loss benefits. Respondent moved to vacate the arbitra-

tor's award. The trial court concluded the arbitrator exceeded his power, vacated the arbitration award, and ordered a rehearing. The arbitrator responded by affidavit that a rehearing was unnecessary because his decision would not change. The trial court then entered an amended judgment vacating the arbitration award. This appeal followed.

## FACTS

On April 16, 1990, appellant Gary Keim was injured in an automobile accident. Respondent Farm Bureau Insurance Company (Farm Bureau) insured Keim for no-fault benefits. Farm Bureau paid Keim medical benefits, but refused to pay him income loss benefits. Farm Bureau acknowledged Keim was unable to obtain gainful employment between the April accident and December 6, 1990. Farm Bureau claimed, however, Keim was ineligible for income loss benefits because he was unemployed at the time of the accident.

In July 1990, Keim petitioned for mandatory arbitration, seeking recovery of income loss benefits. Minn.Stat. § 65B.44, subd. 3 (1988). Evidence at the arbitration hearing showed Keim had worked in the trucking business at various jobs and in different capacities most of his adult life. In November 1989, Keim was laid off from his job as a scale man for Elcor Construction Company. He testified, however, he expected to be rehired in the spring of 1990 when blacktop manufacturing started again.

After the accident, Keim did not notify Elcor of his accident or his intent to return to work. The record indicates that in January 1990, Keim was dismissed by Elcor because "paperwork for 1989 season not done well." Keim testified that no one from Elcor told him he would not be rehired by the company in the spring.

In March 1991 the arbitrator awarded Keim $6,245.00. No findings were made and no memorandum was attached to the award order. Respondent in turn moved to vacate the award because the arbitrator exceeded his power. The trial court vacated the award, concluding the arbitrator ap-

plied the wrong legal standard to determine income loss benefits, and remanded to the arbitrator for a rehearing. The arbitrator replied a rehearing was unnecessary because his decision would be the same. The trial court then entered an amended judgment vacating the arbitration award and this appeal followed.

## ISSUE

Did the trial court err by vacating the arbitrator's award?

## ANALYSIS

■ Keim contends the trial court erred by vacating the arbitrator's award.[1] Absent a clear showing that an arbitrator was unfaithful to his obligations, the courts assume the arbitrator did not exceed his authority. *Hilltop Constr., Inc. v. Lou Park Apartments*, 324 N.W.2d 236, 239 (Minn. 1982). An arbitrator must clearly exceed his power before an award will be overturned. *Id.* We conclude the arbitrator did not exceed his power and therefore reverse the trial court's vacation of the arbitration award.

■ The relevant portion of the No–Fault Automobile Insurance Act provides:

Disability and income loss benefits shall provide compensation for 85 percent of the injured person's *loss of present and future gross income* from *inability to work* proximately caused by the nonfatal injury subject to a maximum of $250.00 per week.

      \*      \*      \*      \*      \*      \*

For the purposes of this section, "inability to work" means disability which prevents the injured person from engaging in any substantial gainful occupation or employment on a regular basis, for wage or profit, for which the injured person is or may by training become reasonably qualified.

Minn.Stat. § 65B.44, subd. 3 (1988) (emphasis added). The construction of a statute is a question of law upon which this court need not defer to the trial court or to the arbitrator. *See Johnson v. American Family Mut. Ins.*, 426 N.W.2d 419, 421

(Minn.1988) (courts, not arbitrators, interpret the no-fault statute).

■ We believe the trial court correctly stated the legal standard for determining income loss benefits under Minn.Stat. § 65B.44, subd. 3. The trial court concluded that in order for Keim to be eligible for income loss benefits he must show at the time of his injury he (1) was employed, (2) had a definite offer of employment, or (3) had consistently been employed such that a specific future period of employment could reasonably be predicted. *See McKenzie v. State Farm Mut. Auto. Ins.*, 441 N.W.2d 832, 835 (Minn.App.1989); *Demning v. Grain Dealers Mut. Ins.*, 411 N.W.2d 571, 573 (Minn.App.1987); *Darby v. American Family Ins.*, 356 N.W.2d 838, 839 (Minn. App.1984) *pet. for rev. denied* (Minn. Feb. 19, 1985).

In this case Keim was neither employed nor had a definite offer of employment at the time of his accident. Hence, if Keim does qualify for income loss benefits from Farm Bureau, then it is under the third standard: Keim must show proof of consistent employment in the past so that a future period of employment can be reasonably predicted.

■ Whether Keim's employment could be reasonably predicted and the amount of income loss he incurred are factual questions. *See Demning*, 411 N.W.2d at 573. In automobile reparation cases, the arbitrator decides factual issues. *Johnson*, 426 N.W.2d at 421. The arbitrator's findings of fact are final. *Id.* at 422, *Ortega v. Farmers Ins. Group*, 474 N.W.2d 7, 9 (Minn.App.1991).

The arbitrator made four important findings in the clarification memorandum. First, he found Keim had been employed in the trucking business for eleven years before the accident. Second, the arbitrator found Keim would have returned to work except for the April injury: "[t]his injury prevented [Keim], who had always been employed, from finding a job at which he would have been able to work." Third, the

---

1. Minn.Stat. § 572.19, subd. 1(3) (1990) provides: "Upon application of a party, the court shall vacate an award where \* \* \* [t]he arbitrators exceeded their powers."

arbitrator found Keim would have been able to work 40 hours per week, which he had done in the past, at $5.50 per hour, the standard wage he had earned in the past. Finally, the arbitrator found Keim was only entitled to income loss benefits from the date of his injury to December 6, 1990, the date medical testimony indicated Keim could return to sedentary work.

We agree with the trial court that the arbitrator applied the wrong legal standard for determining income loss benefits under section 65B.44, subdivision 3. The arbitrator concluded the standard was merely whether the disability prevented Keim from obtaining "gainful employment." As we have pointed out, the correct legal test in a case such as this is whether, in addition to a disability that prevents employment, there is proof of consistent past employment by the insured so that a future period of employment could be reasonably predicted. If the trial court had employed the arbitrator's findings, then the inescapable conclusion was that Keim's future employment was reasonably predictable. In other words, the trial court advanced the correct law in this case, but failed to defer to the arbitrator's findings. Under these circumstances, we hold the trial court erred by vacating the arbitrator's award and therefore we reverse and remand for reinstatement of the arbitrator's original award.

## DECISION

The arbitrator's findings support awarding appellant income loss benefits under the No-Fault Automobile Insurance Act and therefore the trial court erred by vacating the arbitrator's award.

Reversed and remanded.