**ROTATION ENGINEERING & MANUFACTURING COMPANY, INC., et al., Appellants,**

v.

**SECURA INSURANCE COMPANY, Respondent.**

**No. C7–92–2057.**

Court of Appeals of Minnesota.

March 9, 1993.

---

OPINION

RANDALL, Judge.

Appellants Rotation Engineering & Manufacturing Company, Inc. (Rotation) and James Lorence commenced this action against respondent Secura Insurance Company asserting entitlement to insurance benefits as a result of a vehicle accident. Lorence sought wage loss benefits; Rotation sought to assert a subrogation right for salary paid to Lorence. Secura moved for summary judgment, asserting Lorence had failed to establish he actually lost any wages and that Rotation had no subrogation right. The trial court granted Secura's motion. Lorence appealed. Rotation is not pursuing its subrogation claim. We affirm.

FACTS

Lorence is the sole stockholder, 100% owner and president of Rotation. Lorence was injured in an automobile accident on May 6, 1987, while driving a vehicle owned by Rotation and insured by respondent.

Between the date of the accident and November 14, 1988, Lorence missed 339 hours of work, primarily for doctors' appointments and medical treatment. Rotation did not dock Lorence's salary for any of those hours. Further, Rotation, as a company, did not have provable loss of revenue during Lorence's medical absence, nor did it claim any.

Lorence commenced the present action seeking "wage loss" benefits from Secura. Secura denied the claim, asserting Lorence failed to establish that he actually lost any wages, and moved for summary judgment. The trial court granted this motion, determining that Lorence had not shown the accident resulted in any actual economic loss to him. He had continued to receive his full salary and his company made no claim that they had to hire any extra help during his periodic absences.

David K. Hackley, Minneapolis, for appellants.

Scott R. West, Cousineau, McGuire & Anderson, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and HUSPENI and FOLEY,* JJ.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUE

Did the trial court err in holding Lorence is not entitled to wage loss benefits?

## ANALYSIS

■■ On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The facts here are not in dispute. The only issue is the interpretation of the no-fault act, a question of law which this court reviews de novo. *See A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

The no-fault act requires every automobile insurance policy issued in Minnesota to include income loss benefits:

> Disability and income loss benefits shall provide compensation for 85 percent of the injured person's *loss of present and future gross income* from inability to work proximately caused by the nonfatal injury subject to a maximum of $250.00 per week. Loss of income includes the costs incurred by a self-employed person to hire substitute employees to perform tasks which are necessary to maintain the income of the injured person, which are normally performed by the injured person, and which cannot be performed because of the injury.

> \* \* \* \* \* \*

> For the purposes of this section "inability to work" means disability which prevents the injured person from engaging in any substantial gainful occupation or employment on a regular basis, for wage or profit, for which the injured person is or may by training become reasonably qualified. If the injured person returns to employment and is unable by reason of the injury to work continuously, compensation for lost income shall be reduced by the income received while the injured person is actually able to work.

Minn.Stat. § 65B.44, subd. 3 (1986) (emphasis added).

■ An insured is not entitled to income loss benefits unless the insured has actually lost income. *Erickson v. Great Am. Ins. Cos.*, 466 N.W.2d 430, 433 (Minn.App. 1991). "Loss" is defined by the no-fault act as "economic detriment resulting from the accident causing the injury." Minn. Stat. § 65B.43, subd. 7 (1986).

For a person who is paid on an hourly basis, proof of wage loss is fairly simple: hourly wage multiplied by hours missed equals loss. For the self-employed individual, particularly one like Lorence who sets his own salary, proof of wage loss is more difficult. As the Minnesota Supreme Court has noted:

> How the Legislature intended the No-Fault Act to compensate for income loss of a self-employed person is not as clear as it might be. We perceive a legislative concern which benefits be calculated on some direct, certain basis that will discourage abuse and will enable benefits to be paid promptly and with a minimum of fuss.

*Rindahl v. National Farmers Union Ins. Cos.*, 373 N.W.2d 294, 299 (Minn.1985).

Lorence argues it makes no sense to claim his missing 339 hours of work does not constitute a loss of income unless his work is of no value. We understand the argument, but it is somewhat negated by Rotation's undisputed continued success in business while Lorence was visiting his doctor. As in *Rindahl*, work is an activity which produces "tangible things of economic value." *Id.* "Work" is not the end product of "work." In discussing how income loss benefits for a self-employed person are computed, the *Rindahl* court stated:

> to the extent it can be shown that gross income produced by a self-owned business has decreased during the period of the self-employed owner's disability, and the decrease is attributable directly and solely to the owner's .disability, that decrease, in the absence of any salary or wage paid, represents "other earnings from work." For this kind of economic

detriment, income loss benefits are payable.

*Id.* at 299–300.

 Here, Lorence seeks to recover for his lost "work." But an examination of *Rindahl* shows it is lost income, not just lost work, that is compensable. If Lorence can show that the earnings of his corporation decreased as a direct result of his lost work, income loss benefits would be payable. But he cannot, and concedes no direct loss can be shown.

 The Minnesota No–Fault Act is based in part on the Uniform Motor Vehicle Accident Reparations Act. Michael K. Steenson, 1 *Minnesota No–Fault Automobile Insurance* 7 (2d ed. 1989). The uniform act provides:

> [A]n employed person who loses time from work he would have performed had he not been injured has suffered *work loss,* even if his employer continues his wages under a formal wage continuation plan or as a gratuity. Employer payments in this situation are collateral source payments rather than wages since they are not payments for work done during the time the employee was absent. Nor would the wage continuation payments be subtracted in the calculation of net loss.

*Uniform Motor Vehicle Accident Reparations Act* § 1(a)(5)(ii), cmt. (1972), *quoted in* Steenson at 84 (emphasis added). However, the Minnesota act did not adopt the concept of work loss found in the uniform act. Instead, income loss benefits under the Minnesota act are intended to reimburse *actual* economic *loss. Erickson,* 466 N.W.2d at 433.

To oppose Secura's motion for summary judgment, Lorence was required to produce evidence that would be admissible at trial. *See Hopkins v. Empire Fire & Marine Ins. Co.,* 474 N.W.2d 209, 212 (Minn.App. 1991). Lorence can offer only speculation that, because he did not receive a bonus, he has lost income. Lorence admits there is no way to determine whether Rotation lost any income as a result of the hours he missed while seeing a doctor. The trial court properly granted summary judgment against Lorence and Rotation.

## DECISION

Lorence cannot show a claim for loss of actual income attributable to the accident. The trial court properly granted summary judgment to Secura on Lorence's claim for wage loss benefits.

Affirmed.