Michael **ROQUEMORE**, Appellant,

v.

**STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Respondent.**

No. C8–99–1930.

Court of Appeals of Minnesota.

May 23, 2000.

Joseph T. Herbulock, William L.H. Lubov, Golden Valley, MN (for appellant).

Bradley T. Cosgriff, Hopkins, MN (for respondent).

Considered and decided by SHUMAKER, Presiding Judge, CRIPPEN, Judge, and KLAPHAKE, Judge.

## OPINION

SHUMAKER, Judge.

Appellant Michael Roquemore appeals the district court's grant of summary judgment in favor of respondent State Farm, arguing that the loss of an athletic scholarship constitutes a loss of income under the Minnesota No–Fault Insurance Act. We affirm.

## FACTS

Roquemore suffered injuries to his back, hip, and knee when he was hit by a car as he walked on a street. At the time of the accident, he was attending a university on a football scholarship that paid his tuition, room, and board. Because of his injuries, Roquemore could not play football and the university did not renew his scholarship.

Since Roquemore did not own a car, he sought no-fault income-loss benefits from State Farm, the insurer of the driver who struck him. He petitioned for arbitration and State Farm moved in district court to stay the arbitration. Both parties moved for summary judgment on the question of whether the loss of a scholarship qualifies as a loss of income under the no-fault insurance act. Ruling that a lost scholarship is not a loss of income, the district court granted State Farm's motion. Roquemore appealed.

## ISSUE

Does the loss of a college athletic scholarship that paid for tuition, room, and board constitute a loss of income under the Minnesota No–Fault Insurance Act?

## ANALYSIS

"On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

The facts here are not in dispute. The parties agree that Roquemore's injuries prevent him from playing football for the university. The only issue is the interpretation of the no-fault act. Interpretation of the no-fault act is a question of law, which this court reviews de novo. *Rotation Eng'g & Mfg. Co. v. Secura Ins. Co.*, 497 N.W.2d 292, 294 (Minn.App.1993). The object of statutory interpretation is to determine and give effect to the legislature's intent. *Lenz v. Depositors Ins. Co.*, 561 N.W.2d 559, 561 (Minn.App.1997), *review denied* (Minn. June 11, 1997).

Roquemore claimed benefits under Minn.Stat. § 65B.44, subd. 3 (1998), the no-fault income-loss provision:

> Disability and income loss benefits shall provide compensation for 85 percent of the injured person's loss of present and future gross income from inability to work proximately caused by the nonfatal injury subject to a maximum of $250 per week.

To be eligible for income-loss benefits, a person must show that at the time of the injury he (1) was employed, (2)

had a definite offer of employment, or (3) had consistently been employed such that a specific future period of employment could reasonably be predicted. *Keim v. Farm Bureau Ins. Co.*, 482 N.W.2d 823, 825 (Minn.App.1992), *review denied* (Minn. May 21, 1992). Roquemore argues that playing football for the university was work, for which he was paid by scholarship, and the work was no different from a traditional job at the university in exchange for tuition, room, and board. State Farm argues that playing football for a university was not work because Roquemore did not receive a "wage or profit."

To determine whether playing football is "employment" or "work," we must ascertain whether Roquemore was earning any income from playing football before the accident. *See Rindahl v. National Farmers Union Ins. Cos.*, 373 N.W.2d 294, 298 (Minn.1985) (to determine whether claimant was entitled to loss-of-income benefits under no-fault act, court looked at whether prior farmwork was gainful employment in sense that it generated income).

The definition of "income" is critical to the question of recoverable benefits. Mike Steenson, *Disability and Income Loss Benefits Under the Minnesota No–Fault Act*, 24 Wm. Mitchell L.Rev. 1055, 1068 (1998). Income is defined in the no-fault act as

> salary, wages, tips, commissions, professional fees, and other earnings from work or tangible things of economic value produced through work in individually owned businesses, farms, ranches or other work.

Minn.Stat. § 65B.43, subd. 6 (1998).

> Under the doctrine of ejusdem generis, when a general word or phrase follows a list of specific persons or things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed.

*Black's Law Dictionary* 535 (7th ed.1999); *see also* Minn.Stat. § 645.08(3) (1998) ("[g]eneral words are construed to be restricted in their meaning by preceding particular words"). Appellant argues that his scholarship constituted income from playing football because, under the statute, it is a "tangible economic asset that can be calculated." However, interpretation of "tangible thing of economic value" must be construed as applying only to things of the same general class as "salary, wages, tips, commissions, [and] professional fees." Minn.Stat. § 65B.43, subd. 6. Those items constitute money that the earner may spend as he chooses. Roquemore does not receive money for playing football for the university; he receives a scholarship entitling him to free tuition, room, and board at the university. Thus, a scholarship does not fall within the same general class as salary, wages, tips, commissions, or professional fees. We believe the legislature did not intend, by using the phrase "tangible things of economic value," to include scholarships given by a university in exchange for playing sports.

Because this court is limited to correcting errors, it cannot create public policy. Thus, in the face of clear statutory language, Roquemore's policy arguments must fail. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn.1988) (reversing court of appeals, noting "[t]he function of the court of appeals is limited to identifying errors and then correcting them"); *see also Blanche v.1995 Pontiac Grand Prix*, 599 N.W.2d 161, 169 (Minn.1999) (Stringer, dissenting) ("[W]e have long recognized that '[c]ourts have nothing to do with the wisdom or expediency of statutes. The remedy for unwise or inexpedient legislation is political and not judicial.'") (quoting *Hickok v. Margolis*, 221 Minn. 480, 485, 22 N.W.2d 850, 852 (1946)).

### DECISION

Loss of an athletic scholarship does not constitute a loss of income under the Minnesota No–Fault Insurance Act.

**Affirmed.**